IN THE
UNITED STATES DISTRICT COURT
FOR THE
EASTERN DIVISION OF NORTHERN ILLINOIS

FILED
7-25-14 IS
JUL 2 5 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MM-T

United States ex rel.
THOMAS MOORE,

      Petitioner,

-vs-

DONALD GAETZ, Warden
Pinckneyville Correctional Center,

      Respondent,

No. 12 C 1062

Honorable Mr. Judge
JOHN Z. LEE,
Presiding.

## MOTION FOR ENTRY OF JUDGMENT
## ON QUESTION OF EXHAUSTION

YOUR HONOR, this is a pro Motion of Petitioner for Entry of a Judgment on the Question of Exhaustion, for a determination of federal law, upon the respective privilege and claim of Petitioner and Respondent in this habeas corpus action, by proclamation of a competent United States Judge, as the result of this motion filed to the Clerk of this District Court, affirming that, upon exhaustion of remedies matters submitted for this tribunal's decision, Petitioner is not liable for the procedural default claimed by Respondent, because there exists exonerating circumstances which render exhaustion of a would-be available State supreme court remedy ineffective to protect Petitioner's privilege to the writ, and in support thereof Petitioner avers that:

ALTOGETHER, Petitioner seeks the final decision of this Court to resolve the question of whether malpractise of appellate defender, recklessly refusing to petition for leave to appeal the rejection of their own issues, and likewise to inform Petitioner of duty to file a pro se pleading for permission to seek such supreme court review, together with Respondent's law librarian misinforming Petitioner on this matter, imputes to Petitioner as a procedural default, or imputes to Respondent as a circumstance which renders exhaustion of a would-be available supreme court remedy ineffective to protect Petitioner's privilege to the writ of habeas corpus.

WHEREAS, the primary and secondary and third-rate cause of any failure to exhaust any remedy available and prerequisite to enjoyment of the habeas corpus privilege is Petitioner's ignorance of jurisprudence and State attorney malpractise and Respondent's misinformed subordinate.

WHEREFORE, the facts more fully appear in the hereto attached Affidavit which explains the reasons for why Petitioner should be exonerated to redress the cause and prejudice respecting this matter of remedy exhaustion.

THEREFORE, Petitioner moves this Honorable Court to Enter a Judgment on the Question of Exhaustion, as I thank you and remain

Respectfully,

DATE: 7/16/14

Thomas MOORE
Prisoner No. B-78448
Petitioner/Movant pro se
Illinois State Penitentiary
Pinckneyville 62274.

<u>A F F I·D A V I T</u>
<u>SUPPORTING MOTION</u>
<u>FOR JUDGMENT ON EXHAUSTION</u>

I, Thomas MOORE #B-78448, being first duly Sworn upon My Oath to Tell the Truth, hereafter set forth facts according to my own personal knowledge, or to what I reasonably believe to be true; and if I am ever summoned or subpoenaed to appear before any Court within the United States, to testify as to any matter contained herein, I am competent and eager to state under oath before a jury or Judge that:

1. I was born in the United States and have full legal capacity to contract.

2. I am the Petitioner in above-numbered Habeas Corpus Case before this Federal District Court for the Eastern Division of Northern Illinois at Chicago 60604.

3. In pursuit of redress of illegal imprisonment grievances, I seek inquiry into questions of whether Respondent, in violation of my rights and privileges guaranteed by the 14th Amendment to the Constitution,

(A) is enforcing the State's code of professional responsibility (hereafter: "RPC Rule #") to deny me effective assistance of my trial attorney and appellate defender; and,

(B) is depriving me of liberty without due process of 720 ILCS 5/3-1.

4. In response to said complaints, Respondent does not deny my claims of ineffective counsel nor undue conviction but, instead, pray this tribunal indulge his unconstitutional transgressions, to punish me for allegedly failing to perform

some legal duty of petitioning the State supreme court for permission to seek a review of an appellate opinion and order.

5.  I contend I never recklessly nor willfully nor intelligently nor even knowingly defaulted on any procedure which waives my privilege to habeas corpus relief; instead, there exists circumstances which render exhaustion of a would-be available supreme court remedy ineffective to protect my aforesaid rights.

6.  In the past 50 years since 1964, the legislated and opinionated rules of judicial procedure have become so indescribably complex and confounding that even a significant number of supreme court judges have found said rules intricately puzzling, as evinced by the multitude of judgment reversals during said half-century time span.

7.  I am, by every known measure, what may be conservatively classified as scarcely educated and barely intelligent; moreover, because I am no more competent to practise law than I am qualified to be this Court's chief consultant, I am constrained to rely on expertise of fellow prisoners who profess to be jailhouse lawyers, then I am at mercy of Federal Officials whom I pray comprehend my plight and show compassion therefor.

8.  From the outset, and the judicial record reflects, my trial attorney consciously disregarded RPC Rule 1.2 and 1.4, by refusing (A) to explain the matter of unreasonable seizure, to the extent reasonably necessary for me to make an informed

decision on requesting that my arrest be quashed; (B) to respect my decision to complain of an illegal arrest pursuant to 725 ILCS 109-1; and, (C) to obtain a copy of the circuit clerk's docketing statement which showed no proceeding occurred under 725 ILCS 5/107-9.

9. I have been informed and, thereon, I reasonably believe that county prosecutors, in their official capacity, are representatives of everybody, including me as the defendant in a State criminal prosecution, and they are obliged to safeguard my constitutional rights to effective assistance of counsel and a due conviction as they would conserve these rights of all other citizens, so it is as much their duty to forgo illegitimate methods aimed at producing an undue conviction as it is to use every legitimate means to bring about a due one.

10. It has been explained to me that pursuant to RPC Rule 3.8, and in the light most favorable to the offence attorney, the county prosecutor in this criminal litigation made a timely disclosure of existence of blankfaced accountability for attempt murder indictment to my defence attorney, because said prosecutor knew such information tended to negate my guilt of such otherwise infamous crime.

11. In appearing in his professional capacity before the Illinois Circuit Court of Cook County, following disclosure by the county prosecutor, my trial attorney recklessly violated RPC Rule 3.3, by refusing to disclose to the circuit judge

thereof, the legal authority which shows that said tribunal suffered a want of original jurisdiction of any justiciable accountability for attempt murder subjectmatter, when it was obvious such revelation would be directly beneficial to my position as the defendant in this criminal case.

12.  As a result of such nonfeasance, said circuit court entered a void judgment that I was proved guilty of being accountable for the attempt to intentionally kill two people without a lawful justification; because there is no indictment wherein a grand jury demands that I be hald to answer for such otherwise infamous crime punishable by terms of penitentiary imprisonment.

13.  The Illinois appellate defender is the State official who was pretending compliance with RPC Rule 3.1, insofar as rationally concluding there was a tenable basis for commencing a proceeding for review of my wrongful conviction, and therein advocating the issue of reasonable doubt, and bringing a good-faith argument for extension of 720 ILCS 5/3-1, and requiring that every essential element of the case be established.

14.  Contrary to requirements of RPC Rule 1.2, this same appellate defender who knew my trial attorney had neglected to disclose said want of jurisdiction matter to the circuit court, perpetrated a fraud upon the appellate court by refusing to reveal this issue of jurisdiction to the appellate judges.

15. Notwithstanding that the appellate court completely omitted any mention of one procedure executed by the circuit court in lawfully obtaining original jurisdiction of one justiciable matter respecting a violation of the conjunctive statutes codified as 720 ILCS 5/5-2 for 5/8-4 at 5/9-1, this reviewing court never explained why there was no legitimate reason to doubt that I was proved guilty of every essential element of these two crimes I have never been properly charged with committing.

16. I never sought supreme court permission to appeal the opinion of said reviewing court; because Respondent's law librarian said a discretionary appeal is not a remedy available to me, so I can bypass such petition for leave to appeal and still be eligible for federal habeas corpus relief; and because the appellate defender misled me into believing they would file such petition if it were necessary and, in the alternative, they never anywise stated nor suggested that I needed to petition pro se.

17. In response to my application for redress of the substantial denial of my guaranteed federal rights in trial court proceedings resulting in my conviction, where the prosecutor was prepared to admit these violations, the same trial court complained against decided sua sponte that I had no strict legal right to a due conviction, and that I failed to state a claim upon which an opportunity to amend my pro se pleading could be granted, so my postconviction petition was summarily dismissed under pretence it did not allege the gist of a claim.

18.  On appeal of this summary dismissal, when it was exceeding obvious I could not possibly be seeking the postconviction appeal of any issue respecting a fee, the State appellate defender obstructed justice, with intent to prevent me from prosecuting my ineffective counsel and undue conviction claims, by altering these claims I made in the trial court to furnish the appellate court the false information that I was raising said meaningless issue of fees.

19.  Whereas, 28 U.S.C. 2254 provides that application for habeas corpus writ on behalf of prisoner in custody pursuant to State court judgment shall be granted if it appears applicant has exhausted available State court remedies; wherefore, the Respondent concedes (on Document #:12 .... Page 5 of 22 PageID#: 64) my habeas petition is timely, and I exhausted State court remedies for each of five claims therein; therefore, Respondent contradicts himself in further stating that all five claims are procedurally defaulted.

20.  For all practical purposes, there is no way a habeas petitioner can exhaust his remedies and simultaneously fail to properly present his claims, any more than a person can be alive and dead at the same time.

21.  Nonetheless, the salient issue in this case involves existence of circumstances which render this State's corrective judicial process ineffective to protect my habeas privilege.

22. While it may be true that this Court should not hear a federal question presented by a petitioner if he has failed to raise said issue at the time and in the manner required by State law, the People of Illinois are not entitled to treat as forfeited a proposition that lawyers under Their supervision and control recklessly refused to impart in the right court and in the right way and at the right time, as the State professional conduct code directs lawyers to perform.

WHEREAS, with me being innocent, and my arrest being illegal, and the subjectmatter jurisdiction being null, and the judgment of guilt being altogether void, there is no way possible I would ever, anywise, knowingly or voluntarily waive my privilege to the writ of habeas corpus, to redress my unconstitutional custody grievance.

WHEREFORE, if not for State appellate attorneys refusing to, either, petition for leave to appeal, or, inform me of any duty to file a pro se pleading for permission to seek such supreme court review; and if not for Respondent's law librarian misinforming me on this matter; I most certainly would have made two complete rounds of State court proceedings, and Respondent would not now be claiming procedural default to be relieved from liability for my fundamentally lawless conviction.

THEREFORE, and because Respondent forgot to mention that from the commencement to the conclusion of both my direct and postconviction appeals, attorneys employed by and acting on behalf of the People of the State of Illinois had absolute control over the litigation; and because it would be unfair to the point of being obscene to compel me to remain in Respondent's custody in blatant violation of the 14th Amendment to the United States Constitution; I am requesting this Honorable Court to enter a judgment on the question of whether the aforesaid malpractise of the appellate defender imputes to me as procedural default.

THUS, under the penalty of perjury prescribed by law, I declare that all of the foregoing statements are true and correct and executed as such by me:

Thomas Moore B78448
Thomas MOORE
Prisoner No. B-78448
Petitioner/Affiant pro se
Illinois State Penitentiary
Pinckneyville 62274

SWORN-TO AND SIGNED BEFORE ME

Teresa L Kisro
Notary Public

THIS _16TH_ of _July_ 2014.

OFFICIAL SEAL
TERESA L KISRO
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 08 13 16