IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex. rel. THOMAS MOORE, | ) ) ) | |
| Petitioner, | ) ) | 12-cv-1062 |
| v. | ) ) | Judge John Z. Lee |
| TOM SPILLER, Warden, Pinckneyville Correctional Center,[1] | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Thomas Moore ("Moore") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), challenging his state criminal conviction for attempted first degree murder. Moore advances several theories for habeas relief: ineffective assistance of trial and appellate counsel; violations of due process; violations of his Sixth Amendment right to a jury trial; and violations of his Fourth Amendment right to be free from unreasonable searches and seizures. Tom Spiller ("Respondent"), the Warden of the Pinckneyville Correctional Center, argues principally that all of Moore's claims have been defaulted as a procedural matter and otherwise barred because they rest on independent and adequate state grounds. Respondent also argues that no cause or prejudice exists that could excuse Moore's procedural defaults. For the reasons set forth herein, the Court denies the petition.

---

[1] The Court substitutes Tom Spiller for the original named Defendant, Donald Gaetz. Rule 2(a) of the rules governing Section 2254 habeas cases provides that the proper party respondent brought by a incarcerated petitioner is the state officer having custody of the petitioner. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005). Tom Spiller replaced Donald Gaetz as Warden of Pinckneyville Correctional Center. Accordingly, the Court substitutes him as respondent pursuant to Federal Rule of Civil Procedure 25(d).

## Factual Background[2]

On March 12, 2005, Moore was involved in the shooting of Charles Wilson and Patricia Jones on the south side of Chicago. *See People v. Moore*, No. 1-06-3520, slip. op at 1 (Ill. App. Ct. Oct. 9, 2008). Prior to the shooting, Wilson arrived at a lounge on West 63rd Street. *See id.* Around midnight, Wilson saw Nathaniel Banks at the lounge. *See id.* Wilson avoided Banks because he had previously heard that Banks might try to rob him; Wilson observed Banks starring at him from afar and making telephone calls all evening. *See id.*

Wilson later left the lounge, and he, Jones, and another friend, Cassandra Moore,[3] drove in two separate cars to a sandwich shop on Racine Avenue. *See id.* 1–2. Cassandra Moore went inside the sandwich shop to get something to eat. *See id.* 2. After Cassandra Moore entered the shop, Jones exited her car and got into Wilson's car. *See id.* 2.

While Wilson and Jones were talking, Wilson saw Moore (the Petitioner) drive past in a white four-door Chrysler. *See id.* Seven minutes later, Moore returned in his car and drove up alongside Wilson's car. *See id.* Banks, who was seated in the passenger side of Moore's car, then opened fire, shooting one shot at Wilson's car, and breaking Wilson's driver's front-side window. *See id.* Banks then stepped out of the car and fired more shots at Wilson from a few feet away, striking Wilson twelve times. *See id.* During the time that Banks was shooting at Wilson, Wilson had reached over to try to cover Jones. *See id.*

---

[2] Pursuant to 28 U.S.C. § 2254(e)(1), the state courts' recitations of fact are presumptively correct in habeas proceedings. *See Sumner v. Mata*, 449 U.S. 539, 547 (1981). Because Moore has not attempted to rebut the presumption with clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), the Court adopts the factual account as provided in *People v. Moore*, No. 1-06-3520, slip. op at 1–6 (Ill. App. Ct. Oct. 9, 2008)

[3] On this record, there appears to be no family relationship between the Cassandra Moore and Petitioner.

2

Wilson tried to start his car, and Moore, who had at this point exited his car, reached his hand through the broken front-side window of Wilson's car and attempted to grab Wilson's car keys. *See id.* Moore did not succeed in getting Wilson's keys, and Jones quickly exited Wilson's car. *See id.* Wilson then managed to drive off to a police station two blocks away. *See id.*

### State Court Trial

Based on the above incident, Moore was charged with two counts of attempted murder. *See People v. Moore*, No. 1-06-3520, slip. op at 1 (Ill. App. Ct. Oct. 9, 2008). A number of witnesses testified to Moore's involvement, including Wilson, Jones, Cassandra Moore, and various police officers. In particular, Wilson testified to the above facts surrounding the incident. He further testified that, upon arriving at the police station, he was shown pictures of two men that he identified as his assailants, Banks and Moore. *See id.* 1–2. An assistant state's attorney and several police officers interviewed Wilson at the hospital the next day, and Wilson told them Banks and Moore were the ones who had shot him. *See id.* 3. Although there was some question concerning whether Moore had attempted to take Wilson's keys by reaching through the passenger window, the testimony of Jones, Cassandra Moore, and several police officers and agents supported Wilson's version of events. *See generally* 3–6.

The trial court found Moore guilty of two counts of attempted murder and denied a motion to reconsider. *See id.* 6. The trial court found Wilson to be a credible witness and that the defense's impeachment of Jones and Wilson did not undermine their credibility. *See id.*

### Direct Appeal

On direct appeal, Moore argued that his due process rights were violated because the trial court convicted him despite insufficient evidence to sustain his conviction. *See id.*; *see also*

3

Resp't's Resp., Ex. A, (Pet'r's Opening Brief, *People v. Moore*, No. 1-06-3520). In particular, Moore argued on direct appeal that there was insufficient evidence to prove anything more than that he was in the vicinity of the shooting and that there was insufficient evidence as to his intention to promote or facilitate Banks' shooting of Wilson. *See People v. Moore*, No. 1-06-3520, slip. op. at 6 (Ill. App. Ct. Oct. 9, 2008); *see also* Resp't's Resp., Ex. A, 3 (Pet'r's Opening Brief, *People v. Moore*, No. 1-06-3520). The appellate court affirmed the trial court's conviction of Moore based on the sufficiency of the evidence. *See generally People v. Moore*, No. 1-06-3520, slip. op at 9 (Ill. App. Ct. Oct. 9, 2008) ("Viewed in the light most favorable to the State, we find sufficient evidence to establish [Moore's] guilt by accountability in this case."). Moore never filed a petition for leave to appeal the appellate court's decision to the Illinois Supreme Court. *See* Pet'r's Pet. 3; *see also* Resp't's Resp. 2.

## Post-Conviction Proceedings

On January 27, 2009, Moore filed a *pro se* post-conviction petition. Moore raised four claims: (1) the trial court violated his due process rights because it convicted him based on insufficient evidence; (2) his trial counsel provided ineffective assistance for advising him to waive a jury trial and by inadequately cross-examining witnesses; (3) the trial court committed error in allowing the overly prejudicial testimony of Jones, who was paid and provided with housing assistance in exchange for her testimony; (4) prosecutorial error was committed during trial in that witnesses for the State were paid to testify and prosecutor expressed his personal beliefs. *See* Resp't's Resp., Ex. E (Pet'r's Pet. Post-Conviction Relief, *People v. Moore*, No. 05 CR 08561(02)). On March 17, 2009, the trial court dismissed Moore's petition. *See id.*, Ex. F, *People v. Moore*, No. 05 CR 08561(02). It found that Moore's first claim was barred by *res*

*judicata*; that his second claim was barred under waiver and, even if not waived, failed on the merits; and that his third and fourth claims failed for lack of evidentiary support. *See id.* 4–9.

Moore appealed the trial court's dismissal of his post-conviction petition solely on the grounds that it had imposed fees on him for bringing the petition. *See* Resp't's Resp., Ex. G (Pet'r's Post-Conviction Appeal Brief, *People v. Moore*, No. 1-09-2230). On December 2, 2010, the Illinois Appellate Court affirmed the trial court's dismissal of Moore's post-conviction petition. *See* Resp't's Resp., Ex. J (Post-Conviction Appeal Order, *People v. Moore*, No. 1-09-2230 (Ill. App. Ct. 2010)). Moore then filed a petition for leave to appeal to the Illinois Supreme Court, again contesting only the imposition of fees and the constitutionality of their collection. *See* Resp't's Resp., Ex. K (Post-Conviction PLA, *People v. Moore*, No. 111694). The Illinois Supreme Court denied the petition for leave to appeal. *See* Resp't's Resp., Ex. L (Order Denying Post-Conviction PLA, *People v. Moore*, No. 111694 (Ill. 2011)).

Moore then filed his habeas corpus petition in this Court on February 14, 2015. Here, Moore asserts the following grounds for habeas relief:

(1) Trial counsel rendered ineffective assistance by failing to move pretrial to sever his trial from his codefendants; failing to move to quash his arrest; conducting an inadequate pretrial investigation of petitioner's alibi defense; inadequately cross-examining the State's witnesses; failing to file a speedy trial motion; failing to call expert witnesses concerning mistaken identification; and failing to inform Moore of his rights;

(2) Moore's due process rights were violated because there was insufficient evidence of guilt for attempted first degree murder; Moore's sentences should have been imposed concurrently rather than consecutively; Moore's clothes and car were not "tested for ballistics"; continuances of the bench trial may have affected the trial court judge's memory; "State of Illinois criminal sentencing default is set to a judge's inclination compelling a defendant to have to ask for a jury to pronounce a sentence for the criminal conviction"; the State paid key witnesses, creating an incentive for false testimony; the State may have withheld exculpatory information;

(3) Moore did not make a knowing waiver of a jury at sentencing, in violation of Moore's Sixth Amendment rights;

(4) Moore's arrest was not supported by probable cause, in violation of Moore's Fourth Amendment rights;

(5) Appellate counsel rendered ineffective assistance for failing to argue that Moore should have received concurrent rather than consecutive sentences. And "Grounds one through four of this petition are incorporated herein by reference."

*See generally* Pet'r's Pet. 8–18.

## **Standard of Review**

Under AEDPA, a federal court "deferentially review[s] the decision of the last state court to address [petitioner's] claims on the merits." *Harris v. Hardy*, 680 F.3d 942, 948 (7th Cir. 2012). A federal court may not grant habeas relief unless the state court's adjudication of a claim "was contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). "Under the 'unreasonable application' of law clause, 'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Harris*, 680 F.3d at 948 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). "This means that the state court's application of law must have been objectively unreasonable." *Id.* (quotation omitted).

Before considering the merits of a habeas petition, however, the Court must ensure that the petitioner has exhausted all available remedies in state court and avoided procedural default during the state court proceedings. 28 U.S.C. § 2254(b)(1)(A); *see Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). A claim is procedurally defaulted if a habeas petitioner failed to assert his federal claim at each level of state court review. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th

6

Cir. 2004).[4] If a claim is procedurally defaulted, a petitioner must establish that: (1) good cause exists for the default and actual prejudice was suffered as a result or (2) the default would lead to a "fundamental miscarriage of justice." *Morales v. Johnson*, 659 F.3d 588, 604 (7th Cir. 2011); *see Bousley v. United States*, 523 U.S. 614, 620 (1998). "The fundamental miscarriage of justice exception requires the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010) (quotation omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## Analysis

Respondent first argues that Moore has procedural defaulted all of his claims. Respondent is correct. A petition for habeas relief must go through one complete round of state court review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In the Illinois court system, one complete round of review includes two tiers of appellate review, notwithstanding that the Illinois Supreme Court has discretionary control of its docket. *See id.* at 845 (noting that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" and that "a petition for discretionary review in Illinois' Supreme Court is a normal, simple, and established part of the State's appellate review process.").

---

[4] A claim is also procedurally defaulted based on the independent and adequate state ground doctrine "when a state court [has] declined to address a prisoner's federal claims because the prisoner [has] failed to meet a state procedural requirement." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002). Though Respondent argues that certain grounds of Petitioner's habeas petition are also procedurally defaulted on this ground, because the Court finds that all of Petitioner's grounds are procedurally barred for failure to exhaust through one complete round of state review, the Court does not reach this second procedural bar.

On direct appeal, Moore never raised any of his habeas claims in one complete round of state review because he did not continue his appeal beyond the Illinois Appellate Court. No petition for leave to appeal concerning his sufficiency of the evidence claim was filed with the Illinois Supreme Court. Direct appeal cannot constitute a complete round of review for any of Moore's habeas claims.

Turning to post-conviction, Moore did raise some of the same grounds on which he seeks habeas relief in his post-conviction petition before the Illinois trial court, namely that (1) his trial counsel provided ineffective assistance by (a) failing to properly cross-examine witnesses and (b) by failing to inform Moore of his right to request a jury trial,[5] and (2) the prosecution violated his right to due process by paying witnesses and providing housing relocation to coerce witnesses to testify. *See generally* Resp't's Resp., Ex. E (Pet'r's Petition Post Conviction Relief). The trial court denied Moore's petition. Moore obtained post-conviction appellate counsel and subsequently only appealed the issue of the imposition of a fee for his petition to the Illinois Trial Court. After the Illinois Appellate Court denied this appeal, Moore petitioned for leave to appeal to the Illinois Supreme Court, again, on the fees issue only. Therefore, Moore did not go through one full round of state court review for any of the three overlapping claims he has subsequently brought here in federal court, or any other grounds on which he seeks habeas relief here. Consequently, all of Moore's federal habeas claims are procedurally defaulted.

This is not the end of the matter, however. "[A] procedural default . . . bars federal review unless the petitioner demonstrates cause for the default and actual prejudice as a result of the failure, or demonstrates that the failure to consider the claims will result in a fundamental

---

[5] Moore filed his federal habeas petition *pro se* and argued that his attorney failed to inform him of his "many rights." *See* Pet'r's Pet. 8. While not explicitly addressing jury trials, the Court employs its latitude to construe *pro se* filings and construes this as corresponding to Moore's post-conviction claim in state court that he was not advised of his right to a jury trial.

miscarriage of justice." *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). "[C]ause sufficient to excuse procedural default [is] 'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Moore does not demonstrate "cause" for his procedural defaults. Moore argues in his federal habeas petition that the cause for failing to raise any claim beyond sufficiency of the evidence on direct appeal was inadequate assistance of appellate counsel. *See generally* Pet'r's Pet.; *see also* Pet'r's Reply 5. Moore contends that his appellate counsel was ineffective for failing to raise any claims on direct appeal other than sufficiency of the evidence and that this constitutes cause to excuse the default. "Ineffective assistance of counsel can constitute cause to set aside a procedural bar." *Promotor*, 628 F.3d at 887. However, "the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (citing *Edwards*, 529 U.S. at 446). Thus, "a claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim as well." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). "The result is a tangled web of defaults excused by causes that may themselves be defaulted and require a showing of cause and prejudice—a result that has an 'attractive power for those who like difficult puzzles.'" *Lee*, 328 F.3d at 901 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 458 (2000)) (Breyer, J., concurring).

But Moore never advanced an ineffective assistance of appellate counsel claim through one complete round of review in his post-conviction petition; indeed, he never raised ineffective assistance of appellate counsel in his direct appeal or in his post-conviction motions. "[A] claim

of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim as well." *Promotor*, 628 F.3d at 887. As such, ineffective assistance of appellate counsel cannot serve as a cause to excuse Moore's procedural default. *See Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (noting that a petitioner who wishes to use ineffective assistance of appellate counsel as a cause to excuse procedural default must raise ineffectiveness of appellate counsel in all three rounds of post-conviction proceedings).[6]

Moore identifies a number of additional causes, beyond ineffective assistance of counsel, which he argues excuse his procedural default. None suffice. Moore first argues that, on direct review, his failure to file a petition for leave to appeal to the Illinois Supreme Court should be excused because Illinois Supreme Court review is discretionary. *See* Pet'r's Pet. 20. This argument has been soundly rejected. *See O'Sullivan*, 526 U.S. at 845 (noting that a complete round of review in Illinois includes a petition for leave to appeal to the Illinois Supreme Court notwithstanding that this review is discretionary). Moore also argues that only federal courts can properly resolve claims under the U.S. Constitution. *See* Pet'r's Pet. 19. This is incorrect; state courts can (and do) adjudicate such claims. "State courts, like federal courts, are obliged to enforce federal law." *O'Sullivan*, 526 U.S. at 844. Moore also argues that "ineffective assistance of appellate counsel can only be raised in a federal habeas corpus proceeding." *See* Pet'r's Pet. 19. This, as explained above, is also incorrect; a claim of ineffective assistance of appellate

---

[6] Moore also cannot argue that ineffective assistance of his court-appointed appellate counsel for post-conviction proceedings is a cause to excuse his procedural defaults. "Before a habeas petitioner can use ineffective assistance of counsel as grounds to establish cause, however, he must first have a right to counsel." *See Morrison v. Duckworth*, 898 F.2d 1298, 1300–01 (7th Cir. 1990). "[T]here is no federal constitutional right to effective assistance of counsel during an Illinois post-conviction proceeding." *U.S. ex rel. Sams v. Chrans*, 165 F. Supp. 2d 756, 762 (N.D. Ill. 2001) (citing *Howard v. O'Sullivan,* 185 F.3d 721, 725 (7th Cir. 1999)).

10

counsel can be raised in post-conviction proceedings. *See Smith*, 565 F.3d at 352. Accordingly, Moore fails to identify a "cause" sufficient to excuse his procedural defaults.

This leaves "prejudice." "[T]o demonstrate 'prejudice' under the cause and prejudice standard, a defendant must 'shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1050 (7th Cir. 2001) (*United States v. Frady*, 456 U.S. 152, 170 (1982)). But the cause and prejudice test is conjunctive; because Moore has not demonstrated any cause for his defaults, the Court need not examine whether Moore was prejudiced. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) (if a petitioner "lacked cause for their default, we do not consider whether they also suffered actual prejudice" and noting that "these criteria" are stated "in the conjunctive"); *see also Murray v. Carrier*, 477 U.S. 478, 494 (1986) (noting that "*Engle* expressly rejected [the] contention that a showing of actual prejudice should permit relief even in the absence of cause") (quotations omitted).

Finally, Moore's habeas petition could go forward notwithstanding his procedural defaults if denial of his habeas petition would work a "fundamental miscarriage of justice," namely, in cases where "the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration[.]" *House v. Bell*, 547 U.S. 518, 536 (2006) (internal quotations omitted).

Contrary to Respondent's assertion, Moore *does* raise this as a ground to save his petition. *See* Pet'r's Reply 8. Moore argues that a failure to grant him an evidentiary hearing would result in a miscarriage of justice, citing *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005), for this proposition. Moore does not elaborate on this argument or *Howard* any further.

11

But regardless, Moore does not meet the standard for a showing of a fundamental miscarriage of justice. "The fundamental miscarriage of justice exception requires the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Smith*, 598 F.3d at 387 (internal quotations omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 387–88 (quoting *Schlup*, 513 U.S. at 327).

"This is a high bar," *id.*, and Moore does not traverse it. *Howard*, and especially the section cited by Moore, does not contain any holdings or legal principles that cause this Court to believe any of the constitutional violations alleged by Moore resulted in the conviction of an innocent man. Moreover, "[a] petitioner must support an allegation of actual innocence with 'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *8 (N.D. Ill. Sept. 2, 2010) (quoting *Schlup,* 513 U.S. at 324). Moore does not offer any new evidence of his innocence. He cannot evade the procedural default of his habeas claims based upon the theory that there was a fundamental miscarriage of justice.

### Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, this Court must consider whether it should issue a Certificate of Appealability when entering a final order adverse to a petitioner. Issuing a certificate is appropriate only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a court denies a petition on procedural grounds, a petitioner must show that both the procedural ruling and the underlying constitutional claim are debatable. *Id.* at 484.

All five grounds on which Moore seeks habeas relief are procedurally barred by his failure to exhaust any one of his claims through one full round of state review. In addition, no reasonable jurist would find that Moore has established "cause and prejudice" to excuse his default based on ineffective assistance of trial or appellate counsel. Moore plainly did not preserve these grounds for cause through one complete round of post-conviction review. Indeed, Moore never advanced these claims in state court. The other two causes that Moore identifies — that Illinois Supreme Court review is discretionary, and that only federal courts can resolve federal claims — are plainly meritless. Further, no reasonable jurist would believe that a fundamental miscarriage of justice has occurred; Moore makes no legal argument for this miscarriage of justice and submits no new evidence showing that the State has convicted an innocent man. Accordingly, the Court declines to issue a Certificate of Appealability.

## Conclusion

For the reasons provided in this Memorandum Opinion and Order, the Court denies Moore's petition for writ of habeas corpus [1] and declines to issue a Certificate of Appealability. Civil case terminated.

**SO ORDERED**            **ENTERED: 8/20/15**

                                             _____
                                             **John Z. Lee**
                                             **United States District Judge**